```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOHANNE REMY,                                               :
                                                            :
                          Plaintiff                         :
                                                            :
              -against-                                     :     **SUMMARY ORDER OF REMAND**
                                                            :     17-CV-00663 (DLI)(RER)
MAXIME SAVOIE and                                           :
TRANSPORT COVERT, INC.,                                     :
                                                            :
                          Defendants.                       :
-------------------------------------------------------------x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

On February 6, 2017, defendants Maxime Savoie and Transport Covert, Inc. ("Defendants") filed a notice to remove this action from the Supreme Court for the State of New York, Kings County to this Court (the "Notice," Dkt. Entry No. 1). For the reasons set forth below, this case is remanded *sua sponte* to the state court.

## BACKGROUND

On December 16, 2016, Plaintiff Johanne Remy ("Plaintiff"), a Brooklyn resident, commenced this action in state court alleging a claim against Defendants relating to a vehicular collision that occurred in Bronx County, New York. (Complaint ("Compl.") Ex. A to Notice.) On February 6, 2017, Defendants removed the action to this Court, asserting that there was federal subject matter jurisdiction pursuant to the diversity statute, 28 U.S.C. § 1332(a)(2). (Notice ¶¶ 2-10.) Specifically, Defendants argue that there is complete diversity of citizenship between the parties and that they "believe that the amount in controversy between the parties is in excess of $75,000." (Notice ¶ 9.) To support their contention that the jurisdictional amount is satisfied, Defendants rely exclusively on Plaintiff's failure to respond to a Notice to Admit they served on Plaintiff pursuant to N.Y. C.P.L.R. § 3123. (Notice ¶¶ 6-8.) In the Notice to Admit, Defendants

requested that Plaintiff either admit or deny that the "amount in controversy in this case is greater than $75,000 exclusive of interests and costs." (Ex. B to Notice.) Defendants assert that Plaintiff's failure to respond within the time specified by CPLR § 3123 is an admission that the amount in controversy exceeds $75,000. (Notice ¶ 8.) The Complaint does not state an amount of damages. (*See* Compl.) Thus far, Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff. The relevant statute, 28 U.S.C. § 1447(c), states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133-34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Intern., Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability."

*Stemmle v. Interlake Steamship Co.*, 2016 WL 4098559, at *3 (E.D.N.Y. July 27, 2016) (quoting *Lupo*, 28 F.3d at 274).

With respect to the amount in controversy jurisdictional requirement for diversity jurisdiction, the removing party must "prov[e] that it appears to 'a reasonable probability' that the claim is in excess of [$75,000]." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994)). In this case, Defendants fail to meet their burden to show that the jurisdictional amount has been satisfied, as they rely solely on an inference they draw from Plaintiff's alleged failure to respond to the Notice to Admit.

CPLR 3123 provides that "a party may serve upon any other party a written request for admission . . . of the truth of any matters of fact set forth in the request, as to which the party requesting the admission reasonably believes there can be no substantial dispute at the trial." Failure to respond to the written request within twenty days of service deems admitted "[e]ach of the matters of which an admission is requested." *Id.* New York courts agree that "a notice to admit is not to obtain information in lieu of other disclosure devices[.]" *Nacherlilla v. Prospect Park All., Inc.*, 88 A.D.3d 770, 772 (2d Dep't 2011); *Voigt v. Savarino Const. Corp.*, 94 A.D.3d 1574, 1575 (4th Dep't 2012); *Taylor v. Blair*, 116 A.D.2d 204, 205 (1st Dep't 1986).

Here, Defendants assert that Plaintiff admitted that the amount in controversy exceeds $75,000 when Plaintiff failed to respond to the Notice to Admit. This argument is unpersuasive. Defendants cannot rely on Plaintiff's failure to respond to their Notice to Admit as the basis for removal because, in a personal injury action such as this one, CPLR § 3017(c) provides an alternative disclosure device from which Defendants may determine the amount of damages

3

Plaintiff seeks. CPLR § 3017(c) states that a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). Rather than improperly utilizing the Notice to Admit and prematurely removing the action to this Court, Defendants should have availed themselves of this provision, pursuant to which the state court, on motion, is to order the Plaintiff to respond to a demand for total damages. *See e.g.*, *Gullo v. Burns*, 2013 WL 3364366, at *1 (W.D.N.Y. July 3, 2013) ("Defendants removed this case to federal court prior to requesting any such supplemental demand, and therefore, they are at a disadvantage to proving the amount in controversy to a reasonable probability.").

Moreover, to infer from Plaintiff's silence that the amount in controversy is met does not come close to meeting the "reasonable probability" threshold necessary to satisfy the amount in controversy element of diversity jurisdiction. The Second Circuit has held that "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). Thus, Plaintiff's failure to respond to requests conceding that the amount in controversy exceeds $75,000 is insufficient to establish that the jurisdictional amount is satisfied. *See e.g.*, *Santamaria v. Krupa*, 2015 WL 6760140, at *2 (E.D.N.Y. Nov. 5, 2015) ("Plaintiffs' silence regarding the amount in controversy does not relieve Defendants of their burden to set forth facts in their notice of removal establishing the jurisdictional amount."); *Kum v. Walcott*, 2012 WL 4772072, at *1 (E.D.N.Y. Oct. 5, 2012) (mere fact that plaintiff will not stipulate that damages do not exceed $75,000 "does not show, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied"); *Nogeura v. Bedard*, 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in

4

controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action.").

Finally, neither the Complaint nor the Notice provides any information concerning the nature and extent of Plaintiff's injuries or the treatment received. As such, the Court is left to guess at the amount in controversy based on the Complaint's boilerplate allegations that Plaintiff "sustain[ed] severe and serious injuries and was required to seek and obtain medical care and attention in an effort to cure and alleviate [the] same[.]" (Compl. ¶ 9.) Such a boilerplate pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction. *See Noguera*, 2011 WL 5117598, at *3 (remanding personal injury action where neither the complaint nor the notice of removal "particularize[d] or amplifie[d] in any way the extent of plaintiff's injuries or damages."). Therefore, because Defendants failed to meet their burden, the Court lacks subject matter jurisdiction over this case.

Accordingly, the Court finds that based on the information contained in the Complaint and the Notice, Defendants have failed to show a reasonable probability exists that Plaintiff's claim is in excess of $75,000. Therefore, remand to the state court is proper.

## **CONCLUSION**

For the reasons set forth above, this case is remanded to New York State Supreme Court, Kings County, under Index No. 522432/2016.

SO ORDERED.

Dated: Brooklyn, New York  
      February 16, 2017

/s/  
Dora L. Irizarry  
Chief Judge